UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN JAMES KOHUTE,

                        Plaintiff,

        v.

ORANGE COLLEGE, et al.,

                        Defendants.

Case No. 26-cv-04819-HSG

**ORDER OF TRANSFER**

        Petitioner, a pretrial detainee housed at Smith County Jail in Tyler, Texas, has filed this *pro se* action against Orange County College and the U.S. F.D.A. Inspector.  Petitioner commenced this action by filing a form petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No 1), but it is unclear if he is seeking habeas relief.  Petitioner does not challenge the fact or length of his custody and instead appears to be seeking relief for food contamination and unhygienic conditions in the kitchens of North Orange College.  Petitioner also states that he is seeking recovery of state credit card payments from a Direct Express Card office in San Antonio, and that he is seeking reinstatement of benefits; references a lawsuit that he has filed against Harvard in Arizona; and states that he seeks to file a disciplinary action with the State of Texas against his attorney Ryan Sorrells.  However, Petitioner's primary emphasis seems to be filing a case in California against North Orange College.  *See generally* Dkt. No. 1.

        Whether this action is intended to be a habeas proceeding or a civil rights action, this district is not the proper venue.

        Venue for a habeas action is proper in either the district of confinement or the district of conviction.  28 U.S.C. § 2241(d).  Petitioner is confined in Smith County and is detained pursuant to proceedings in Smith County.  Dkt. No. 1 at 1.  Smith County is located in the Eastern District

of Texas. 28 U.S.C. § 124(c)(1). If this action is intended to be a habeas action, the proper venue is therefore the Eastern District of Texas. 28 U.S.C. § 2241(d).

The proper venue for a civil rights action generally is the judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Respondent/defendant North Orange College is located in Orange County, California. North Orange Community College District, Our Campuses, https://www.nocccd.edu/about-district/our-campuses [https://perma.cc/FF82-BHBE] (last visited May 30, 2026]. Respondent/defendant is located in Orange County; the events alleged took place in Orange County; and no events and no parties are located in this county. If this action is intended to be a civil rights action, the proper venue is the Central District of California. 28 U.S.C. §§ 84(c)(3), 1391(b).

As Petitioner's primary concern appears to be the conditions in the kitchens of North Orange College, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Central District of California. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  6/2/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

2