**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KEVIN J. KOHUTE,

Petitioner,

v.

ORANGE COLLEGE, ET AL.,

Respondents.

No. SA CV 26-1473-SRM(E)

ORDER OF DISMISSAL

**PROCEEDINGS**

On May 21, 2026, Petitioner filed in the United States District Court for the Northern District of California a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("the Petition"). On June 10, 2026, this Court received a transfer of the Petition from the Northern District.

According to the Petition, Petitioner is serving a sentence for a conviction Petitioner sustained in a Texas state court. The sentencing court and Petitioner are both located in Tyler, Texas.

///

///

The Petition vaguely references several seemingly unconnected matters, none of which concern Petitioner's conviction or sentence. Petitioner complains of the allegedly unsanitary conditions of the food service in the "North Orange College" cafeteria as of May of 2026. (The Petition contains no indication Petitioner was in California, much less in the "North Orange College" cafeteria, in May of 2026). The Petition appears to reference credit card payments and disability benefits allegedly taken from Petitioner in Texas. The Petition also mentions lawsuits Petitioner reportedly has brought against Harvard (in Arizona or Texas), a DEA agent (in Nevada), the Bureau of Alcohol, Tobacco and Firearms (in an unspecified forum) and the "U.S. Whitehouse" (in an unspecified form).

Habeas corpus "is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation omitted). A challenge to the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 487-89 (1973); Nettles v. Grounds, 830 F.3d 922, 927-29 (9th Cir. 2016) (en banc), cert. denied, 580 U.S. 1063 (2017). A civil rights action is the exclusive vehicle for an inmate's claim that does not fall within the "core" of habeas corpus. Nettles v. Grounds, 830 F.3d at 931-34. Accordingly, Petitioner may not use the present habeas corpus Petition to bring any of his purported claims.

This Court declines to exercise its discretion to convert the present Petition into a complaint under 42 U.S.C. section 1983 or a complaint under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens").[1] "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro

[1] One of the Defendants named in the caption of the Complaint is "U.S. FDA Inspector." The Court expresses no opinion regarding whether a Bivens remedy is available to Petitioner on the claims alleged in the Petition. See Ziglar v. Abbasi, 582 U.S. 120 (2017) (limiting reach of Bivens remedies).

se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles v. Grounds, 830 F.3d at 936 (citations and internal quotations omitted). The Petition is not "amenable to conversion on its face." The present Petition does not appear to name "the correct defendants." Even more fundamentally, the vague and implausible allegations in the Petition fail to state a federal claim on which relief could be granted. See Fed. R. Civ. P. 8.

Additionally, "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects - such as . . . filing fees, the means of collecting them, and restrictions on future filings - that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." Nettles v. Grounds, 830 F.3d at 935-36 (citations and internal quotations omitted); see also id. at 932 n.8 (describing differences between procedural requirements applicable to habeas corpus actions and to civil rights actions). Accordingly, conversion of the present Petition into a section 1983 or Bivens complaint would be inappropriate. See Perdomo v. Warden Loretto FCI, 700 Fed. App'x 93, 94 (3d Cir. 2017) ("Given the significant differences between the rules and fees applicable to a prisoner's general civil litigation case and a request for habeas relief, we cannot conclude that the District Court abused its discretion in denying Perdomo's request to have his § 2241 petition re-characterized as a Bivens action."); Cohen v. Lappin, 402 Fed. App'x 674, 676 (3d Cir. 2010) (district court did not abuse discretion in denying petitioner's requests for recharacterization of his section 2241 petition as a civil rights complaint, "given the significant differences between the rules applicable to a prisoner's general civil litigation case and a request for habeas relief. . . ."); Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (court relied on myriad differences between habeas actions and civil rights actions in affirming district court's refusal to recharacterize a habeas petition as a civil rights complaint); Jorgenson v. Spearman, 2016 WL 2996942, at *1 (C.D. Cal. May 22, 2016) (declining to convert a flawed habeas petition into a civil rights complaint "in light of the considerable procedural and substantive differences between habeas corpus and civil rights matters").

**ORDER**

For the foregoing reasons, the Petition and the action are dismissed without leave to amend but without prejudice.

Dated: July 28, 2026.

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

PRESENTED this 15th day of June, 2026, by:

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE